# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| SIERRA SMITH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:23-cv-1761-LCB |
| ACE TOWING AND RECOVERY, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is Defendant Ace Towing and Recovery, LLC's motion to dismiss Plaintiff Sierra Smith's First Amended Complaint ("FAC"). Doc. 13. Because Smith's operative complaint fails to state a claim for violations of Title VII or 42 U.S.C. § 1981, the Court WILL GRANT Ace Towing's motion and WILL DISMISS the case.

## I.     Legal Standard

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The facts pled must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard requires a complaint to "state a claim to relief that is plausible on its face." *Id.* at 570.

1

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 678.

To properly consider a Rule 12(b)(6) motion to dismiss, a court must "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). If the court determines that well-pleaded facts, accepted as true, do not state a plausible claim, the claims are due to be dismissed. *Twombly*, 550 U.S. at 556, 570. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

## II.   Background

Smith's complaint alleges that while employed as a dispatcher by Defendant Ace Towing, she "f[ell] victim to ill treatment [from] her supervisors and coworkers due to her race and gender." Doc. 10 at 3. Smith's complaint of "ill treatment" is based in a single incident. On October 12, 2022, Smith says her employer instructed her to look at her direct supervisor's phone to "get together a work order," and that he did so "intentionally" to expose her to "racist and sexual text messages . . . about her." *Id.* at 3-4.

When Smith looked at her supervisor's phone, she saw a text thread labeled "Dispatch Office," in which she was not included. *Id.* at 4. The thread included Jayson and Ann Click (Ace Towing's owners) and her supervisor. *Id.* When Smith examined the text thread, she discovered that Jayson Click had made and shared a memoji depicting Smith as "a dark African American woman with short red hair." *Id.* The thread also contained a text from Mr. Click in which he described the sound of Smith "scratching an itch on the top of her head" as "like a headboard hitting the wall." *Id.* at 5. Mr. Click also sent a message in the thread asking if the other participants got Smith "a tit holder for her bday." *Id.* Smith was so "shocked and dismayed," as well as "emotionally hurt and visibly shaken" by her discovery of the text thread and its contents that she left Ace Towing the same day and never returned. *Id.* at 6-7.

Smith filed a discrimination charge against Ace Towing with the EEOC on December 2, 2022, and received a Dismissal and Notice of Rights from the agency on September 30, 2023. *Id.* at 2-3. Having exhausted her administrative remedies, Smith sued Ace Towing in this Court on December 27, 2023. Doc. 1. Smith filed an amended complaint on March 18, 2024, alleging sex and race discrimination in violation of Title VII and race discrimination under 42 U.S.C. § 1981. Ace Towing moved to dismiss on April 3.

## III.   Analysis

Ace Towing argues that Smith's claims should both be dismissed for failure to state a claim. The Court agrees. Even taking Smith's allegations as true, the alleged conduct does not rise to the level of Title VII violation or a violation of her contract rights because of her race under § 1981.

### A.   Smith has failed to state a valid Title VII claim.

Smith alleges that she "endure[d] a subjectively and objectively hostile work environment and less favorable working conditions due to her gender…and her race" in violation of Title VII. Doc. 10 at 7-8. Nothing in Smith's complaint supports this allegation, however. Smith's discrimination claims all fail because the alleged conduct was not severe or pervasive.

"Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race or sex."

4

*Jackson v. Alabama Dep't of Corr.*, 643 F. App'x 889, 891 (11th Cir. 2016) (citing 42 U.S.C. § 2000e–2(a)(1)). To be sure, "[s]exual harassment can constitute discrimination based on sex for purposes of Title VII." *Id.* (citing *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 508 (11th Cir.2000).

In this circuit, however, Title VII "sexual harassment claims may arise in two forms: through a tangible employment action, such as a pay decrease, demotion, or termination, or through the creation of a hostile work environment caused by sexual harassment that is sufficiently severe or pervasive to alter the terms and conditions of employment." *Id.* (citing *Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1300 (11th Cir.2007). Smith admits in her pleading that she quit her job without ever discussing the text messages with her employer, Doc. 10 at 6-7, so this is not a claim arising from a "tangible employment action."

That puts Smith's claim in the second "hostile work environment" category. But the facts alleged by Smith, even if true, fall short of Title VII's requirements. "To establish a sexual harassment claim based on a theory of hostile work environment, a plaintiff must show: (1) that she belongs to a protected group; (2) that she has been subject to unwelcome harassment; (3) that the harassment was based on a protected characteristic; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is

5

responsible for such environment under either a theory of vicarious or direct liability." *Jackson*, 643 F. App'x at 891 (citation omitted). Assuming that the first three requirements are met here, Smith has not shown "severe or pervasive" harassment that "alter[ed] the terms and conditions of employment and create[d] a discriminatorily abusive working environment." *Id.*

      Title VII requires harassment to be "both subjectively and objectively severe and pervasive." *Id.* Harassment is subjectively severe and pervasive harassment "if the complaining employee perceives the harassment as severe and pervasive," while harassment is objectively severe and pervasive "if a reasonable person in the plaintiff's position would adjudge the harassment severe and pervasive." *Id.* Smith no doubt perceived the harassment as severe and persuasive, but her allegations cannot satisfy the requirements for objectively severe and pervasive harassment. The "frequency of the conduct" was exactly a one-time occurrence—Smith's coworkers may have disparaged her on other occasions in private, but the mere existence of conversations not directed at Smith is not enough. *Id.* Likewise, the conduct was not severe, physically threatening or humiliating, and did not "unreasonably interfere[] with [Smith's] job performance." *Id.* That Smith was—justifiably—offended on a single occasion does support a claim of severe and pervasive sexual harassment.

Smith's Title VII race discrimination claim fares no better. Smith alleges that the text messages and memoji were racially discriminatory, but (as with her allegation of sex discrimination) a one-time discovery of discriminatory texts does not show that Ace Towing's dispatch office was so "permeated with discriminatory intimidation, ridicule, and insult" that it "alter[ed] the conditions of [Smith's] employment and create[d] an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). And as with her sex discrimination claim, Smith has not alleged the that the conduct was frequent, severe, physically threatening or humiliating, or that the conduct unreasonably interfered with her job performance. Furthermore, to the extent Smith alleges she was constructively terminated, Doc. 10 at 7, her failure to state a valid hostile work environment claim dooms that claim, because "[c]reation of a hostile work environment is a necessary predicate to a hostile-environment constructive discharge case." *Pennsylvania State Police v. Suders*, 542 U.S. 129, 149 (2004).

  **B.** **Smith has failed to state a valid § 1981 claim.**

Finally, Smith's race discrimination claim under § 1981 fails for all the same reasons. That's because both § 1981 and Title VII "have the same requirements of proof and use the same analytical framework." *Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 (11th Cir. 2002) (citation omitted).

## IV.  Conclusion

Because the Court finds that Smith has failed to state a claim for violations of Title VII and § 1981, the Court **GRANTS** Defendant Ace Towing's Motion to Dismiss, Doc. 13, and the case is **DISMISSED WITHOUT PREJUDICE**. A final judgment will be entered separately. Costs are taxed as paid.

**DONE** and **ORDERED** this May 30, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE